UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANGEL JUNIOR RINCON-PEREZ,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1257

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.      Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.13.) In an Order entered on April 22, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus

should not be granted. (Order, ECF No. 4.) Respondents filed their response on April 27, 2026,[1] (Resp., ECF No. 5), and Petitioner filed his reply on April 30, 2026, (Reply, ECF No. 6).

## II.      Factual Background

Petitioner is a citizen of Venezuela who entered the United States on August 7, 2023. (Pet., ECF No. 1, PageID.5.) On February 2, 2026, Petitioner was arrested by ICE. (*Id.*)

On March 4, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Rincon-Perez v. Raycraft* (*Rincon-Perez I*), No. 1:26-cv-727 (W.D. Mich.). In *Rincon-Perez I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Rincon-Perez I*, (W.D. Mich. Mar. 24, 2026), (ECF Nos. 7, 8).

On March 27, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.6.) At that conclusion of the March 27, 2026, bond hearing, the Immigration Judge found that Petitioner had been in the United States for less than three years, that Petitioner had some community ties, that Petitioner had no criminal record, and that Petitioner had not missed any immigration court hearings or appointments with immigration officers. (Order Immigration Judge, ECF No. 1-1, PageID.18.) The Immigration Judge also found that Petitioner lacked ties to the United States and that the bond record did not demonstrate a stable address for Petitioner from 2023 to 2026 or a stable work history for Petitioner while in the United States. (*Id.*, PageID.18-19.) Additionally, the Immigration Judge noted that Petitioner had a pending application for asylum

---

[1] Respondents did not file a transcript or a recording of the bond hearing, as required by the Court's order to show cause. (Order, ECF No. 4, PageID.89.)

and withholding of removal but found that relief for Petitioner was "speculative." (*Id.*, PageID.19.) Ultimately, the Immigration Judge found that "the bond record fails to demonstrate [Petitioner] is not a flight risk." (*Id.*)

### III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for

the denial.


Dated:        May 18, 2026                              /s/ Jane M. Beckering
                                                        Jane M. Beckering
                                                        United States District Judge